IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **FIMA ZILBERMINT** | * | |
| | * | |
| v. | * | Civil Case No. CCB–14–694 |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

*************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-referenced case has been referred to me for review of the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' cross-motions for summary judgment and Mr. Zilbermint's reply memorandum. [ECF Nos. 17, 19, 22]. I find that no hearing is necessary. Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that both parties' motions be denied and that the case be remanded to the Commissioner for further proceedings in accordance with this report.

Mr. Zilbermint protectively filed a claim for Supplemental Security Income ("SSI") on July 27, 2010. (Tr. 112, 149–57). His claim was denied initially on November 5, 2010, and on reconsideration on July 20, 2011. (Tr. 114–17, 122–23). An Administrative Law Judge ("ALJ") held a hearing on July 13, 2012, at which Mr. Zilbermint was represented by counsel. (Tr. 33–56). Following the hearing, the ALJ determined that Mr. Zilbermint was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 16–28). The Appeals Council denied Mr. Zilbermint's request for review, (Tr. 1–5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Zilbermint suffered from the severe impairments of chronic obstructive pulmonary disease ("COPD") and affective disorder. (Tr. 21). Despite these impairments, the ALJ determined that Mr. Zilbermint retained the residual functional capacity ("RFC") to "perform medium work as defined in 20 CFR 416.967(c) except he would have limited hearing abilities and must avoid concentrated exposure to noise and vibrations. The claimant would be limited to routine, repetitive, unskilled tasks." (Tr. 22). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Zilbermint could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 27–28).

Mr. Zilbermint disagrees. On appeal, he argues that the ALJ erred in assessing his RFC. Specifically, he claims that the ALJ failed to provide substantial evidence in support of his determination that Mr. Zilbermint is capable of performing the exertional requirements of medium work. I am persuaded that the ALJ's explanation for his RFC analysis was inadequate. Therefore, remand is warranted. In so recommending, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Zilbermint is not entitled to benefits is correct or incorrect.

A claimant's RFC is the most he can still do in a work setting, despite the limitations caused by his impairments. 20 C.F.R. § 416.945(a)(1). At the ALJ hearing level, the ALJ is responsible for assessing a claimant's RFC. 20 C.F.R. § 416.946(c). An ALJ may properly base his RFC determination on a claimant's "subjective complaints, the objective medical evidence, and the opinions of treating, examining, and non-examining physicians," and is not required to obtain an expert medical opinion as to a claimant's RFC. *Felton-Miller v. Astrue*, 459 F. App'x 226, 231 (4th Cir. 2011); *see also Colvard v. Chater*, 59 F.3d 165 (4th Cir. 1995) ("The determination of a claimant's [RFC] lies with the ALJ, not a physician, and is based upon all relevant evidence."). In this case, the ALJ determined that Mr. Zilbermint was capable of

2

performing medium work, subject to several nonexertional limitations apparently related to Mr. Zilbermint's limited hearing and affective disorder. *See* 20 C.F.R. § 416.969a. In support of his determination that Mr. Zilbermint was capable of performing the exertional requirements of medium work, the ALJ cited a June 2011 stress test that was negative for myocardial ischemia and the opinion of Mr. Zilbermint's pulmonologist that his COPD was clinically mild. (Tr. 26). Notably, however, the ALJ's opinion was devoid of any explanation as to why a "mild" case of COPD warranted no exertional or nonexertional limitations whatsoever.[1] For this reason, I find that the ALJ did not provide sufficient analysis to permit me to evaluate whether his RFC determination is premised on substantial evidence.

Mr. Zilbermint also argues that the ALJ erred by failing to discuss the forced expiratory flow ("FEF") results from his pulmonary function tests ("PFTs"). Pl. Mem. 12. However, because the ALJ discussed the results of other portions of Mr. Zilbermint's PFTs, it is apparent that he considered them. (Tr. 24). Thus, this omission, standing alone, would not merit remand. However, because I am recommending remand on other grounds, the ALJ should also consider whether Mr. Zilbermint's poor performance on the FEF test impacts the ALJ's RFC assessment.

Finally, Mr. Zilbermint claims that the ALJ should have sought the opinion of a physician concerning Mr. Zilbermint's exertional capability. Pl. Mem. 10–12. Generally, a claimant is responsible for providing the evidence used to determine his RFC. 20 C.F.R. §§ 416.912(c), 416.945(a)(3). The ALJ is responsible, however, for developing a claimant's complete medical history, which requires ordering a consultative examination ("CE") only if the evidence as a whole is insufficient to support a determination. 20 C.F.R. §§ 416.919a, 416.945(a)(3); *Bishop v. Barnhart*, 78 F. App'x 265, 268 (4th Cir. 2003). Because I am not persuaded that the evidence

---

[1] As Mr. Zilbermint noted, the ALJ also did not discuss what, if any, weight he assigned the opinion of the State agency physician. (Tr. 275–282). Accordingly, I cannot determine whether the ALJ's RFC assessment was based in any way on that opinion, and if so, whether the evaluation of that opinion complied with Social Security regulations.

as a whole was insufficient to support a determination, I find that the ALJ was within his authority to assess Mr. Zilbermint's RFC without the aid of a CE.  If, however, on remand, the ALJ determines that the evidence is inadequate to support an explanation as to whether Mr. Zilbermint's mild COPD results in any functional limitations, the decision to order a CE remains within his discretion.

CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1.  the Court DENY Defendant's Motion for Summary Judgment [ECF No. 19];

2.  the Court DENY Plaintiff's Motion for Summary Judgment [ECF No. 17]; and

3. the Court order the Clerk to REMAND the case to the Commissioner for further proceedings and to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  January 8, 2015                                          /s/
                                                                       Stephanie A. Gallagher
                                                                       United States Magistrate Judge